Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2677 | **DATE** | June 5, 2001 |
| **CASE TITLE** | *Helen Kies vs. City of Aurora, et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants defendants' motion to dismiss Count V of the amended complaint and to dismiss defendants Nila and Brown from the complaint in its entirety [17-1]. The court denies defendants' motion to strike portions of plaintiff's amended complaint [17-2].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **JUN 0 6 2001** | |
| | Notified counsel by telephone. | | date docketed | 46 |
| ✓ | Docketing to mail notices. | | *mw* docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 JUN -5 PM 4:50 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HELEN KIES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 00 C 2677 |
| CITY OF AURORA and AURORA POLICE OFFICER DERRICK SMITH, VALERIE BROWN, AND MICHAEL NILA | ) ) ) ) ) | Judge James H. Alesia |
| Defendants. | ) ) | |

**DOCKETED**
JUN 0 6 2001

## MEMORANDUM OPINION AND ORDER

Currently before the court are: (1) a motion to dismiss defendants Michael Nila and Valerie Brown from plaintiff's amended complaint or in the alternative to dismiss Count V pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), and (2) a motion to strike any allegations concerning Valerie Brown from the amended complaint pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"). For the reasons set forth below, the court (1) grants defendants' motion to dismiss Count V of the amended complaint and to dismiss defendants Nila and Brown from the amended complaint in its entirety, and (2) denies defendants' motion to strike portions of plaintiff's amended complaint.

## I. BACKGROUND

Plaintiff's amended complaint makes the following allegations. On or about May 29, 1998, while picking up her daughter from school, plaintiff Helen Kies ("Kies") observed

46

defendant City of Aurora police officer Derrick Smith ("Smith") use force against Geovanni Perez, a minor child. After observing the episode, Kies informed the child that she had witnessed the event. Smith then told Kies the situation was none of her business and struck Kies in the face.

Thereafter, Kies filed an excessive force complaint regarding Smith with the Aurora Police Department. Sergeant Brian Leden ("Leden") investigated the charges and sustained the charge of excessive force in making an arrest. Subsequently, defendant Captain Michael Nila ("Nila") rejected Leden's findings and instructed Leden to reopen his investigation and ask new questions of various witnesses.[1]

Meanwhile, Smith filed a criminal charge of disorderly conduct against Kies. During the criminal proceedings, defendant Valerie Brown ("Brown"), the city attorney prosecuting the case against Kies,[2] filed a motion with the court seeking to withhold information from Kies.[3] After a trial on the merits, the criminal charge against Kies was resolved in her favor.

Kies then filed this complaint in federal court. Her amended complaint includes the following counts: (1) a claim for excessive force under 42 U.S.C. § 1983 ("§ 1983"); (2) a state law claim for malicious prosecution; (3) a claim for malicious prosecution under § 1983; (4) a

---

[1] Kies's amended complaint fails to allege the outcome of the reopened investigation.

[2] While Kies's complaint fails to allege that Brown was the city attorney prosecuting the criminal case against Kies, this critical fact was clarified by the parties' briefs. In a motion to dismiss under Rule 12(b)(6), the court may use the parties' briefs to clarify an allegation in the complaint. *Pegram v. Herdrich*, 530 U.S. 211, 230, n.10 (2000). *See also Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (accepting as true facts contained in reply to motion to dismiss which clarified conclusions pleaded in complaint and challenged in motion).

[3] Kies's amended complaint fails to allege the court's disposition of Brown's motion.

2

First Amendment violation claim under § 1983; (5) a claim for unconstitutional cover-up under § 1983; (6) a state law claim of respondeat superior; and (7) a state law claim for indemnification.

Defendants Brown and Nila have filed a motion to dismiss them from the amended complaint in its entirety under Rule 12(b)(6) or in the alternative to dismiss Count V pursuant to Rule 12(b)(6). Defendants Brown and the City of Aurora have filed a motion to strike all allegations concerning Brown's conduct from the amended complaint under Rule 12(f). The court will address each motion in turn.

## II. DISCUSSION

### A. Motion to dismiss pursuant to Rule 12(b)(6)

#### 1. Standard for deciding a motion under Rule 12(b)(6)

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. FED. R. CIV. P. 12(b)(6). *See Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2000). If, when viewed in a light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal is proper only if it is clear from the complaint that no set of facts consistent with its allegations would entitle the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The federal rules do not require detailed factual pleadings. FED. R. CIV. P. 8(a)(2). Rather, a complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* A complaint meets these requirements when it provides fair notice of the nature of plaintiff's claim
3

and the ground upon which it relies. *Starling v. Chicago Police Officers*, No. 98 C 7900, 2000 WL 1036301, at *5 (N.D. Ill. July 21, 2000) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). The Supreme Court has refused to apply a heightened pleading standard to § 1983 claims. *Id.*

2. **Count V - § 1983 Claim of Unconstitutional Cover-Up**

Count V of Kies's amended complaint alleges that Nila violated Kies's constitutional rights by participating in a conspiracy to cover-up Smith's alleged misconduct. Specifically, Count V alleges that, after Kies filed an excessive force complaint and Sergeant Leden investigated and sustained the charge, Captain Nila ordered the investigation reopened to allow for an avenue to reject the original finding of the investigation. Defendants argue that Count V should be dismissed because Kies did not sufficiently allege her constitutional rights were violated as a result of the alleged cover-up. More specifically, defendants argue that Kies failed to allege that the cover-up interfered with her constitutional right of access to the courts. The court agrees that Kies fails to state a claim for unconstitutional cover-up or unconstitutional conspiracy to cover-up under § 1983.

Because a § 1983 claim depends on the existence of a violation of a constitutional right, "the threshold inquiry is whether the plaintiff can demonstrate that the defendant deprived plaintiff of a constitutional right." *Bandari v. City of Chicago*, No. 99 C 5889, 2000 WL 89135, at *2 (N.D. Ill. Jan. 20, 2000) (citing *Graham v. Connor*, 490 U.S. 386, 393 (1989)). A conspiracy allegation does not dispense with the need to identify a constitutional right that was violated. *Villareal v. Chicago Police Officers*, No. 88 C 8204, 1997 WL 242903, at *3 (N.D. Ill.

4

May 5, 1997). Further, there can be no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). Therefore, an allegation of cover-up or concealment, standing alone, does not state a constitutional claim under § 1983. *Villareal*, 1997 WL 242903, at *3. Rather, a plaintiff alleging conspiracy under § 1983 must also allege a constitutional violation. *Id.*; *Niehus v. Liberio*, 973 F.2d 526, 531-32 (7th Cir. 1992).

Although the Seventh Circuit has recognized a § 1983 claim where a defendant tries to cover-up unlawful conduct, the basis for this type of claim lies in the denial of a plaintiff's right of access to the courts. *Vasquez v. Hernandez*, 60 F.3d 325, 329 (7th Cir. 1995). A cover-up leads to a denial of access to the courts only where the cover-up was to some extent successful. *Id.* (finding a denial of plaintiff's right of access to the courts occurred when a conspiracy to cover-up "prevented a full and open disclosure of facts crucial to the cause of action, rendering hollow the plaintiffs' right of access."); *Gibson v. Chicago*, 910 F.2d 1510, 1523-24 (7th Cir. 1990) (stating that a plaintiff cannot state a claim for denial of access to the courts without alleging some concrete injury resulting from the alleged cover-up).

Moreover, "concealment of constitutional violations, such as false arrest, excessive force, and malicious prosecution, are insufficient to raise a separate constitutional violation unless the victim is deprived his or her right to access to the courts." *Johnson v. Chicago Police Officer*, No. 99 C 7396, 2000 WL 310320, at *2 (N.D. Ill. Mar. 24, 2000). As noted by the Seventh Circuit, "'[n]ot every act of deception in connection with a judicial proceeding gives rise [to a constitutional action].'" *Vasquez*, 60 F.3d at 329 (quoting *Bell v. City of Milwaukee*, 746 F.2d

1205, 1265 (7th Cir. 1984)). When there are no allegations indicating that a defendant's cover-up prevented a plaintiff from pursuing a tort action or that the value of such an action was reduced by the cover-up, there is no basis for a § 1983 action because there has been no injury beyond the underlying torts. *Johnson*, 2000 WL 310320, at *2.

In the instant case, Kies has not alleged that her right of access to the courts has been denied or impeded in any way by Nila's alleged cover-up. Kies makes no allegations that Nila's alleged cover-up was to any extent successful. Kies makes no allegation that, after the investigation was reopened, the charge of excessive force in making an arrest was not sustained. Kies makes "no allegations claiming that [she] ha[s] been prevented from pursuing a tort action ... or that the value of such an action has been reduced by the cover-up." *Vasquez*, 60 F.3d at 329. Moreover, Smith's criminal charge of disorderly conduct against Kies was resolved in Kies's favor after a trial on the merits. Again, an allegation of cover-up or concealment, standing alone, does not state a constitutional claim under § 1983, and a concealment of a constitutional violation – here excessive force – does not amount to a separate constitutional violation unless the victim is deprived of access to the courts. *Villareal*, 1997 WL 242903, at *3 (citing *Ingram v. Jones*, No. 95 C 2631, (N.D. Ill. June 21, 1996); *Vasquez*, 60 F.3d at 329; *Gibson*, 910 F.2d at 1523). Because Kies has failed to allege that her right of access to the courts has been denied or impeded, she has failed to state a claim for unconstitutional cover-up or unconstitutional conspiracy to cover-up under § 1983. Accordingly, Count V is dismissed.

3. **Qualified Immunity**

Defendants argue that both Nila and Brown are entitled to qualified immunity and, therefore, should be dismissed from the complaint in its entirety. The Seventh Circuit has noted in the context of qualified immunity that if the plaintiffs' initial pleadings themselves, taken as true, fail to adequately allege the violation of any clearly established right, dismissal for failure to state a claim upon which relief can be granted is proper without additional fact development. *Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 675 n.8 (7th Cir. 1990). In determining immunity the court must accept the allegations of the complaint as true. *Kalina v. Fletcher*, 522 U.S. 118, 122 (1997).

The doctrine of qualified immunity shelters government officials from civil liability in their individual capacities as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Montville v. Lewis*, 87 F.3d 900, 902-03 (7th Cir. 1996). Qualified immunity is not forfeited unless no reasonable officer could have mistakenly believed that the conduct was unlawful. *Ulichny v. Merton Community School Dist.*, No. 00-1947, 2001 WL 476515, at *17 (7th Cir. May 07, 2001). Therefore, qualified immunity protects all but the plainly incompetent and those who knowingly violate the law. *McDonnell v. Cournia*, 990 F.2d 963, 969 (7th Cir. 1993). Once a defendant raises the defense of qualified immunity, the plaintiff bears the burden of demonstrating: (1) that a constitutional violation transpired, and (2) that the pertinent constitutional standards were clearly established at the time of the alleged violation. *Erwin v. Daley*, 92 F.3d 521, 525 (7th Cir. 1996); *Clash v. Beatty*, 77 F.3d 1045, 1047 (7th Cir.

1996). A negative answer to either prong of this test decides the matter. *Montville*, 87 F.3d at 902. Therefore, the first question is whether any constitutional violation transpired. Here, Kies fails to adequately allege that the conduct of either Nila or Brown violated a clearly established constitutional right, and, therefore, Kies has not met her burden of demonstrating that Nila and Brown are not protected by qualified immunity.[4]

### a. Nila

Kies alleges that Nila violated her constitutional rights by participating in a cover-up of Smith's alleged misconduct. Specifically, Kies alleges that after she filed an excessive force complaint and Sergeant Leden investigated and sustained the charge, Captain Nila ordered the investigation reopened to allow for an avenue to reject the original finding of the investigation. Kies's amended complaint fails to allege the outcome of the reopened investigation.

The Constitution does not preclude an investigating police officer from rejecting the findings of a subordinate police officer and reopening the investigation to ask new questions of witnesses. Further, as discussed in *supra* Sect. II.A.2., Kies has failed to sufficiently allege that Nila's conduct violated her constitutional right of access to the courts because Nila's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Because Kies has failed to adequately allege that a constitutional violation

---

[4]The Seventh Circuit recently stated that "[q]ualified immunity is dissolved ... if a plaintiff points to a clearly analogous case establishing a right to be free from the specific conduct at issue or when the conduct is so egregious that no reasonable person could have believed that it would not violate clearly established rights." *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001). However, Kies has pointed to no such analogous case sufficient to dissolve qualified immunity for Nila or Brown.

transpired, Kies has failed to show that Nila is not entitled to qualified immunity in his individual capacity. Accordingly, Nila is entitled to qualified immunity, and the claims against him are dismissed with prejudice.

### b. Brown

Kies alleges that Brown, a city attorney, violated her constitutional rights when she "took active steps to withhold exculpatory information from Plaintiff Kies, to wit, she pursued vigorously a motion with the Court seeking to deprive Plaintiff Kies of evidence Brown knew or should have known was exculpatory." (Am. Compl. at ¶ 19.) Kies's amended complaint fails to allege the court's disposition of Brown's motion and fails to allege that the evidence at issue in the motion was in fact withheld.

Defendant Brown is an official protected by qualified immunity. The Seventh Circuit has held that "public defenders, like state prosecutors, and state and *city attorneys*, enjoy a qualified immunity for acts performed in the discharge of their official duties." *John v. Hurt*, 489 F.2d 786, 788 (7th Cir. 1973) (emphasis added). *See also Bartoli v. ARDC*, No. 97 C 3412, 1998 WL 100246, at *3 (N.D. Ill. Feb. 24, 1998) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983")).

Kies's allegation against Brown does not set forth a constitutional violation. Here, Brown was clearly serving as an advocate when she filed the motion with the court, and her pursuit of this motion was well within the scope of her discretionary duties as a prosecuting attorney. It is customary practice for an attorney to file a motion asking the court to rule on the discoverability

9

of documents, and the Constitution does not preclude an attorney from filing such a motion with the court. Because Kies has failed to sufficiently allege that her constitutional rights were violated as a result of Brown's conduct, Kies has failed to show that Brown is not entitled to qualified immunity in her individual capacity. Accordingly, Brown is entitled to qualified immunity, and the claims against her are dismissed with prejudice.[5]

B. Motion to strike pursuant to Rule 12(f)

Defendants Brown and the City of Aurora have also moved, pursuant to Rule 12(f) to strike paragraphs 14(d), 19, 20, 21, 27, 47, and 51 in Kies's amended complaint. Each of these paragraphs contains allegations of misconduct by Brown in support of Kies's claims against Smith and the City of Aurora. Defendants argue that the court should strike these paragraphs because (1) these allegations do not apply to Kies's other claims and do not bear any conceivable relationship to those claims, (2) Kies cannot prevail on her other claims by proving the conduct in these allegations occurred, and (3) these allegations are prejudicial to Brown and the City of Aurora. The court disagrees.

Under Rule 12(f), "the court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f). However,

---

[5]In fact, Brown is shielded not only by *qualified* immunity but also by *absolute* immunity. The Supreme Court has held that a prosecuting attorney is "fully protected by absolute immunity when performing the traditional functions of an advocate." *Kalina*, 522 U.S. at 131. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (stating that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); *Imbler*, 424 U.S. at 410 (granting absolute immunity to a state prosecuting attorney that deliberately suppressed exculpatory evidence at trial because he acted within the scope of his duties in initiating and pursuing a criminal prosecution).

courts generally disfavor motions to strike. *Tatum v. Davis*, No. 95 C 1341, 1996 WL 388405, at *1 (N.D. Ill. July 9, 1996). Courts will strike portions of a complaint only if the challenged allegations are so unrelated to the present claim as to be void of merit and unworthy of consideration. *Trustmark Life Ins. Co. v. Univ. of Chicago Hosps.*, No. 94 C 4692, 1996 WL 68009, at *1 (N.D. Ill. Feb. 14, 1996).

The allegations defendants seek to strike are sufficiently related to Kies's claims against Smith and the City of Aurora and will not be stricken. This court cannot, at this juncture, conclude that these allegations are not relevant in any way to the controversy. Further, the allegations are not so lengthy and complex that they confuse the issues or put an undue burden on defendants. Therefore, the court denies defendants' motion to strike.

### III. CONCLUSION

For the foregoing reasons, the court (1) grants defendants' motion to dismiss Count V of the amended complaint and to dismiss defendants Nila and Brown from the amended complaint in its entirety, and (2) denies defendants' motion to strike portions of plaintiff's amended complaint.

JUN 05 2001
_____
Date

_____
James H. Alesia
United States District Judge